IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ANITA C. TIPLER, )
    Plaintiff, )
)
v. ) Civil Action No. 1:10cv853
)
EXMOVERE HOLDINGS, INC., et al., )
    Defendants. )

## ORDER

The matter came before the Court on plaintiff's motion to remand.

On June 30, 2010, plaintiff filed a complaint in Fairfax County Circuit Court, alleging that defendants induced her to invest $150,000, her retirement savings, to purchase shares of stock in a risky start-up company. In her complaint, plaintiff asserts three claims against corporate and individual defendants. In Count I, plaintiff alleges that defendants violated multiple provisions of the Securities Act of 1933 and the Virginia Securities Act by selling unregistered securities. In Count II, plaintiff requests that the individual defendants be held jointly and severally liable for the full amount of her damages. In Count III, labeled "Common Law Rescission," plaintiff purports to allege a claim for common law rescission.

The parties do not dispute that the Court does not have subject matter jurisdiction over plaintiff's claims under the Securities Act of 1933 because federal law prohibits removal of those claims. *See* 15 U.S.C. § 77v(a) (West 2010) ("Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.").

The Court also does not have subject matter jurisdiction over plaintiff's claim for

common law rescission. Under well-established Fourth Circuit law, "in the absence of another jurisdictional ground, a defendant seeking to remove a case in which state law creates the plaintiff's cause of action must establish two things: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). With respect to the first requirement, "[a] plaintiff's right to relief necessarily depends on a question of federal law when 'it appears that some . . . disputed question of federal law is a necessary element of one of the well-pleaded state claims.'" *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborer's Vacation Trust*, 436 U.S. 1, 13 (1983)). On the other hand, "[i]f a plaintiff can establish, without the resolution of an issue of federal law, all of the essential elements of his state law claim, then the claim does not necessarily depend on a question of federal law." *Id.*

Count III is a state-law claim for rescission that does not depend in any way on federal law. At oral argument, plaintiff's counsel conceded that the basis for the claim was state law, and that the reference to the Securities Exchange Act of 1934 in paragraph 30 of the complaint was inadvertent and spurious. Because federal law is not an essential element of the claim, the Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, remand is appropriate.

The plaintiff is not entitled to costs, pursuant to 28 U.S.C. § 1447(c), because the lack of specificity in the complaint, as well as the reference to the Securities Exchange Act of 1934, provided an objectively reasonable basis for seeking removal. *See Martin v. Franklin Capital*

*Corp.*, 546 U.S. 132, 141 (2005) ("[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

For these reasons, and for the reasons stated from the Bench,

It is hereby **ORDERED** that the motion to remand (Doc. No. 9) is **GRANTED** and this matter is **REMANDED** to the Circuit Court for Fairfax County.

It is further **ORDERED** that plaintiff's request for attorney's fees is **DENIED**.

The Clerk is directed to send a copy of this Order to all counsel of record and to place this matter among the ended matters.

Alexandria, Virginia
September 10, 2010

T. S. Ellis, III
United States District Judge